**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Gamada Ahmed Hussein,<br><br>Plaintiff,<br><br>v.<br><br>Jeff Sessions, U.S. Attorney General;<br>U.S. Department of Justice;<br>James Comey, Director, Federal Bureau of Investigation; and<br>John Does,<br><br>Defendants. | Case No. 16-cv-780 (SRN/SER)<br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

Gamada Ahmed Hussein, Shakopee, Minnesota, pro se.

D. Gerald Wilhelm and David W. Fuller, United States Attorney's Office, Minneapolis, Minnesota, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff Gamada Ahmed Hussein's Objections [Doc. No. 37] to United States Magistrate Judge Steven E. Rau's Report and Recommendation ("R&R"), dated March 3, 2017 [Doc. No. 35]. The magistrate judge recommended that Defendants' Motion to Dismiss [Doc. No. 20] for lack of subject matter jurisdiction and for failure to state a claim be granted, and that the Second Amended Complaint [Doc. No. 18] ("SAC") be dismissed without prejudice.

Pursuant to statute, this Court reviews *de novo* any portion of the magistrate judge's opinion to which specific objections are made, and "may accept, reject, or modify, in whole or in part, the findings or recommendations" contained in that opinion. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b)(3). For the reasons stated herein, the Court overrules Hussein's objections and adopts the R&R, albeit with minor modifications.

## II. BACKGROUND

The allegations contained in Hussein's 172-paragraph SAC, although extensive, are highly speculative, conclusory, and not grounded in fact. Paragraph 15 of the SAC is representative of the nature of the claims in this action:

> Defendants acting in concert and each of them individually have conspired and contributed to the unlawful acts against Plaintiff, which include intense surveillance, physical, mental and psychological torture, oppression, harassment, discrimination, abuse, threats against his life, attempted assassination, intimidation, invasion of privacy and defamation by the government agencies, both local and federal, since 2008 and still going on. The harm against Plaintiff was also carried out by many other government agencies, officials and personnel who were only acting on the orders of and misinformation from Defendants, including line FBI special agents.

(SAC ¶ 15.)

All individual Defendants are sued in their official capacities. (*Id.* at 1.) In total, Hussein brings eleven claims, which may be divided for purposes of analysis into three main groupings. Counts I through VI allege various civil rights claims, including violations of the Fourth and Fourteenth Amendments; the Privacy Act, 5 U.S.C. § 552a;[1] and 42

---

[1] Although the SAC refers to Hussein's second claim as "[v]iolation of [5] U.S.C. § 552(a)," it is clear from the text of the complaint that he meant to refer to 5 U.S.C. §

U.S.C. §§ 1981, 1983, and 1985. (*See id.* ¶¶ 108-145.) Count VII alleges a civil cause of action for criminal mail-theft under 18 U.S.C. § 1708. (*See id.* ¶¶ 146-149.) Finally, Counts VIII through XI raise tort claims, including invasion of privacy, defamation, and intentional infliction of emotional distress. (*See id.* ¶¶ 150-172.) By way of remedy, Hussein asks the Court to declare that Defendants' alleged actions are in violation of the law; enjoin them from engaging in further such illegal activities; and award him compensatory and punitive damages, as well as fees and costs. (*See id.* at 34-35.)

Defendants moved to dismiss on October 4, 2016. As to the civil rights claims, Defendants argue that the United States has not waived sovereign immunity, and thus this Court lacks subject matter jurisdiction over those claims. (*See* R&R at 3-4.) Defendants further contend that Hussein's mail fraud claim should be dismissed because no civil remedies exist for violating what is a criminal statute, rendering this Court also without jurisdiction over that claim. (*See id.* at 4.) Finally, Defendants argue that Hussein has failed to exhaust administrative remedies for his tort claims, and that, in the alternative, those claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## III. DISCUSSION

### A. STANDARD OF REVIEW

Upon issuance of an R&R, a party may "serve and file *specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). "The objections should specify the portion of the magistrate judge's [R&R] to which

---

552a. The former is a sub-section of the Freedom of Information Act ("FOIA"), while the latter is the codification of the Privacy Act of 1974.

objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-cv-1958 (JRT/RLE), 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Objections which are not specific but merely parrot arguments already presented to and considered by the magistrate judge are not entitled to *de novo* review. *Dunnigan v. Fed. Hom Loan Mortg. Corp.*, No. 15-cv-2626 (SRN/JSM), 2017 WL 825200, at *3 (D. Minn. Mar. 2, 2017) (citing *Mashak v. Minnesota*, No. 11-cv-473 (JRT/JSM), 2012 WL 928251, at *2 (D. Minn. Mar. 19, 2012)). Furthermore, when presenting arguments to a magistrate judge, parties must put forth "not only their 'best shot' but all of their shots." *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (quotations and citations omitted). Thus, a party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge. *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947-48 (D. Minn. 2006).

### B. Plaintiff's Civil Rights Claims

The Court will begin its review with Hussein's various civil rights claims, found in Counts I through VI of the SAC. For analytical convenience, the Court will follow the practice adopted in the R&R, and review the claims in two groups: those stating claims arising directly under the Constitution (Counts I, IV, and V), and those stating claims arising, in whole or in part, under federal statute (Counts II, III, IV, and VI).

#### 1. Alleged Constitutional Violations

Hussein alleges that Defendants, acting in their official capacities, violated his Fourth Amendment right to be free of unreasonable searches and seizures when they took his wallet on May 17, 2010 at Hennepin County Medical Center in Minneapolis, and again at

the Newton Public Library in Neosho, Missouri, and did not return it. (SAC ¶ 111.) He further claims discrimination and deprivation of equal protection, allegedly in violation of his rights under the Fourth and Fourteenth Amendments. (*Id.* ¶¶ 124-129.) Finally, Hussein alleges that Defendants have violated his right to freedom of speech, thus violating the First and Fifth Amendments. (*Id.* ¶¶ 133-138.)

Before the magistrate judge, Defendants argued that this Court lacks subject matter jurisdiction to consider Hussein's constitutional claims for a very simple reason: the United States, as the real defendant in interest, has not waived sovereign immunity. (*See* R&R at 5.) The magistrate judge agreed, determining that, because Hussein alleged violations only by federal agencies and individual defendants acting in their official capacities, suit could only be maintained if Hussein could identify some express waiver of that immunity. Because Judge Rau concluded that no such waiver existed, he recommended that this Court dismiss Hussein's constitutional claims for lack of subject matter jurisdiction. (*See id.* at 6-8.)

The Court agrees with the majority of Judge Rau's analysis. As the magistrate judge noted, it is well established that suits against federal agencies, as well as against government officials acting in their official capacities, are really suits against the federal government itself. *See Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Because the federal government possesses sovereign immunity from suit, the Court's jurisdiction in any case in which the United States is the real defendant is limited to the extent that immunity has been waived by Congress. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Thus, the Court in the first instance must determine whether a statutory

waiver of sovereign immunity exists before it can allow a claim against the federal government to proceed. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983).

In this instance, the Court agrees with the magistrate judge that—insofar as Hussein seeks monetary damages—sovereign immunity has not been waived and his claim may not proceed in this Court. By suing directly pursuant to the Constitution, Hussein brings what is commonly known as a *Bivens* action. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). But it is well-settled that *Bivens* actions may be brought against individual defendants only in their personal, rather than official, capacities. *See Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998). Likewise, the Supreme Court has expressly rejected attempts to extend *Bivens* to federal agencies. *See Meyer*, 510 U.S. at 486. Because Hussein points to no other express statutory grant of authority to sue the Federal Bureau of Investigation ("FBI") or the Department of Justice ("DOJ) for monetary damages, the Court concludes that no waiver of sovereign immunity exists.

While subject matter jurisdiction is thus lacking for Hussein's constitutional claims for monetary damages, the Court respectfully disagrees with the magistrate judge to the extent his sovereign immunity analysis also extends to the matter of injunctive relief. In *Raz v. Lee*, the Eighth Circuit determined that the United States cannot claim sovereign immunity from suit where the plaintiff seeks nonmonetary relief, because section 702 of the Administrative Procedure Act ("APA") "expressly waives sovereign immunity" in such cases.[2] 343 F.3d 936, 938 (8th Cir. 2003). On facts remarkably similar to those presented

---

[2] The Eighth Circuit further observed that the APA's waiver of sovereign immunity is not limited to actions brought under the APA. *See Raz*, 343 F.3d at 938 (citations omitted).

here, the Eighth Circuit held that a plaintiff could maintain suit against the director of the FBI in his official capacity where the plaintiff alleged various constitutional claims, but sought only an injunction prohibiting further violations of his rights. *Id.* at 937-38. This waiver extends not only to officials but also to government agencies. *See* 5 U.S.C. § 702; *Schroeder v. Dep't of Veterans Affairs*, No. 3:08-cv-351 (MRK), 2009 WL 1531953, at *1 (D. Conn. 2009).

On the basis of the Eighth Circuit's holding in *Raz*, therefore, the Court concludes that it has subject matter jurisdiction over Hussein's direct constitutional claims, insofar as Hussein seeks injunctive relief.[3] Nonetheless, the Court agrees with Judge Rau that Hussein's constitutional claims must be dismissed for the alternative reason that they fail to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). As the Supreme Court has observed, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation and citation omitted). In order to meet this requirement, the plaintiff must plead facts such that the court can draw "a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). This "plausibility" standard requires showing more than a "sheer possibility that a defendant has acted unlawfully." *Id.* Bare assertions, without more, "will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

---

[3] One exception to this holding is for Hussein's claim under the Fourteenth Amendment. As the magistrate judge properly recognized, the Fourteenth Amendment applies only to state action, and the SAC lists only federal defendants. *See Kills Crow v. United States*, 451 F.2d 323, 325 (8th Cir. 1971). Accordingly, that amendment is inapplicable in this case and Hussein's Fourteenth Amendment claim must be dismissed.

Here, Hussein's SAC fails to plausibly connect Defendants to any of the actions he alleges violated his constitutional rights. As the magistrate judge observed, the SAC is composed primarily of "conclusory allegations and bare assertions with little to no factual support." (R&R at 19.) In particular, despite alleging that Defendants are responsible for the wrongs he says have been perpetrated against him, Hussein provides absolutely no facts that—even if true—would allow a jury to conclude as much. To avoid needless repetition, the Court will not provide a detailed analysis of the SAC's factual deficiencies here—the R&R has done so accurately and comprehensively. (*See* R&R at 18-22.) It is enough simply to note that, despite its great length, the SAC fails to suggest a "reasonable inference that the defendant[s are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Absent such a connection, Hussein's complaint fails to state any constitutional claim upon which relief can be granted, and the pertinent counts must be dismissed.

### 2. Alleged Statutory Violations

In addition to his claims arising directly under the Constitution, Hussein seeks relief under three civil rights statutes (42 U.S.C. §§ 1981, 1983, and 1985), and the Privacy Act, which generally prohibits the unauthorized disclosure of personal records by a government agency. *See* 5 U.S.C. § 552a(b). As to the civil rights claims, the magistrate judge concluded that each should be dismissed because the statutes cited by Hussein do not apply to the United States or its officers. (*See* R&R at 10.) Because Hussein makes no specific (or, as best the Court can tell, unspecific) objection to this conclusion, the Court will review it for clear error. *See Dunnigan*, 2017 WL 825200, at *3. The Court finds none here. It is well-settled that §§ 1981 and 1983 are limited to actions taken "under color of state law,"

which by its terms excludes actions of the United States or its officers made pursuant to federal authority. *See, e.g.*, *Dotson v. Friesa*, 398 F.3d 156, 162 (2d Cir. 2005); *Davis v. United States*, 439 F.2d 1118, 1119 (8th Cir. 1971). Likewise, the Eighth Circuit has concluded that the United States—the real defendant in interest here—is not subject to suit under § 1985. *See Mousseaux v. United States*, 28 F.3d 786, 787 (8th Cir. 1994). Accordingly, the Court agrees that these claims must be dismissed.

Turning to the Privacy Act claim, the Court agrees with Judge Rau that Hussein's claim is barred because the SAC is devoid of allegations from which the Court can determine whether the applicable statute of limitations has been met. The Act requires that any suit must be brought "within two years from the date on which the cause of action arises" or, where the agency has "willfully misrepresented" material information, "within two years after discovery by the individual of the misrepresentation." 5 U.S.C. § 552a(g)(5). While the Court observes that statutes of limitation are not typically jurisdictional, *Logan v. United States*, 978 F.2d 1263 (mem.), 1992 WL 320977, at *1 (8th Cir. 1992), unique considerations arise when the limitations period acts as a waiver of sovereign immunity. In such circumstances, courts have recognized that the government is often consenting to suit for a limited period of time only, at the expiry of which its immunity "snaps back" into place. *See, e.g.*, *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (noting that the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit") (quotation and citation omitted). Where sovereign immunity intrudes upon the limitations period analysis, failure to properly plead compliance with that limitations period can give rise to a Rule 12(b)(1) motion. *See* Fed. R. Civ. P.

8(a)(1) (requiring that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction . . . .).

In the context of the Privacy Act, courts have generally determined that the relevant limitations period is jurisdictional in nature.[4] *See Diliberti v. United States*, 817 F.2d 1259, 1262 (7th Cir. 1987) (holding that plaintiff's "failure to file suit within the time period specified in § 552a(g)(5) deprives the federal courts of subject matter jurisdiction over the action"); *Flowers v. Exec. Office of the President*, 142 F. Supp. 2d 38, 44-45 (D.D.C. 2001). As such, Hussein must assert facts sufficient to allow the Court to determine from the face of the complaint whether the limitations period has been complied with before it can exercise jurisdiction over the claim. As the magistrate judge properly recognized, Hussein has failed to meet this requirement—there is simply no information from which the Court can make a clear determination of when his Privacy Act claim arose. Accordingly, the Court can only conclude that Hussein has failed to properly allege that this Court has subject matter jurisdiction over that claim, and it must be dismissed.

### C. Plaintiff's Mail Fraud Claim

Magistrate Judge Rau recommended that Plaintiff's civil mail fraud claim, brought

---

[4] There is some debate as to whether the limitations period set forth in 5 U.S.C. § 552a(g)(5) acts as a jurisdictional bar, and at least one circuit has concluded it is not. *See Rouse v. U.S. Dep't of State*, 567 F.3d 408, 416 (9th Cir. 2009). The practical effect of this circuit split is limited in this case, however, because the Court concludes that even if § 552a(g)(5) is not jurisdictional Hussein's claim would fail under Rule 12(b)(6). As the magistrate judge correctly noted, Hussein's Privacy Act allegations "provide[] no particularized facts about what protected information was disclosed, when the disclosure occurred, or which agency allegedly disclosed the information. Furthermore, Hussein provides no reasonable connection between the alleged disclosure and any alleged harms." (R&R at 18.)

pursuant to 18 U.S.C. § 1708, be dismissed because there is no private cause of action under that statute. (R&R at 12.) In Count VII of the SAC, Hussein alleges that Defendants stole his mail, and seeks damages resulting from that theft. The magistrate judge correctly recognized that a federal criminal statute does not automatically give rise to a private civil claim, and observed that courts are reluctant to imply private causes of action absent "clear indication" of Congressional intent. (*See* R&R at 13 (quoting *Wisdom v. First Midwest Bank*, 167 F.3d 402, 407-08 (8th Cir. 1999)).) In keeping with decisions from several other courts, Judge Rau concluded that no private cause of action exists under 18 U.S.C. § 1708. (*See id.* at 14 (citing cases).)

In reviewing Hussein's Objections, the Court notes that at no point does he question the magistrate judge's legal analysis on this point. Rather, he argues in effect that his mail fraud claim should be understood as arising under the Federal Tort Claim Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* (*See* Pl.'s Obj. [Doc. No. 37] at 6-7.) This is not how the claim is pleaded in the SAC, however, and it is axiomatic that a complaint cannot be amended by the briefs filed in opposition to a dispositive motion.[5] *See Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989); *Shoots v. iQor Holdings US Inc.*, No. 15-cv-563 (SRN/SER), 2016 WL 6090723, at *4 (D. Minn. Oct. 18, 2016). Because Hussein makes no direct objection to the magistrate judge's legal conclusions, the Court reviews for clear error only. *See Dunnigan*, 2017 WL 825200, at *3.

Upon that review, the Court agrees with the magistrate judge that § 1708 does not

---

[5] In any event, for the reasons discussed *infra* in Part III.D, Hussein's mail fraud claim would be dismissed even under the FTCA, because he has failed to plead exhaustion of administrative remedies.

11

give rise to a private right of action, and that Hussein's claim must accordingly fail on that basis. The Court respectfully differs from the magistrate judge in one particular, however. While Judge Rau concluded that the lack of a cause of action divested this Court of its subject matter jurisdiction (making dismissal proper under Rule 12(b)(1)), "[d]eterminations that a federal statute does not provide a private right of action are typically subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim." *Fair v. Verizon Commc'ns Inc.*, 621 F. App'x 52, 53 (2d Cir. 2015); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (discussing practical differences between dismissal under Rules 12(b)(1) and 12(b)(6)). Accordingly, the Court will modify the R&R so as to dismiss Count VII for failure to state a claim upon which relief can be granted.

### D. Plaintiff's Tort Claims

In addition to his various other claims, Hussein asserts various tort claims against the Defendants, including battery, invasion of privacy, false light, defamation, and intentional infliction of emotional distress. In each case, Hussein's claims arise under the FTCA, which allows suits against the United States by those who were injured by the negligent acts or omissions of any government employee acting within the scope of their duties. *See* 28 U.S.C. § 1346(b); *Hinsley v. Standing Rock Child Protective Servs.*, 516 F.3d 668, 671-72 (8th Cir. 2008). The magistrate judge recommended that Hussein's tort claims be dismissed for lack of subject matter jurisdiction, however, because he fails to plead exhaustion of administrative remedies, which is a prerequisite to suit under the FTCA. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 107 (1993).

The Court agrees. At no point in the SAC does Hussein indicate that he has

presented his claims to the appropriate federal agencies, and that those claims have been denied in writing. *See* 28 U.S.C. § 2675(a). Without such allegations, the complaint is not in conformity with § 2675(a), and "conformity with § 2675(a) is a jurisdictional term of the FTCA's limited waiver of sovereign immunity." *Mader v. United States*, 654 F.3d 794, 808 (8th Cir. 2011). Although the Court notes that Hussein has attached various exhibits to his Objections, which he claims show exhaustion of administrative remedies, it is clear that these documents are unrelated to any tort claims. (*See, e.g.* Pl.'s Obj, Ex. 2 (response from Department of Homeland Security relating to FOIA request).) In any event, to the extent these documents were not presented to the magistrate judge, they need not be considered here. *See Nunn v. Hammer*, No. 16-cv-2693 (SRN/HB), 2016 WL 5477072, at *3 (D. Minn. Sept. 28, 2016).

Because Hussein has thus failed to allege exhaustion of administrative remedies, his FTCA claims must be dismissed for lack of subject matter jurisdiction.

## IV. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections [Doc. No. 37] to the Magistrate Judge's March 3, 2017 Report and Recommendation are **OVERRULED**;

2. The Court **ADOPTS** the Report and Recommendation [Doc. No. 35] as modified;

3. Defendants' Motion to Dismiss [Doc. No. 20] is **GRANTED**; and

4. Plaintiff's Second Amended Complaint [Doc. No. 18] is **DISMISSED** without prejudice.

Dated: May 10, 2017         s/Susan Richard Nelson
                            SUSAN RICHARD NELSON
                            United States District Judge